UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:22CR52(AWT) |
| | : | |
| v. | : | |
| | : | |
| BRANNON WINSTON | : | March 29, 2022 |

### THE GOVERNMENT'S
### MOTION FOR AN ORDER OF HOME DETENTION

The Government respectfully seeks home detention of Brannon Winston, who is making his initial appearance in federal court, until a proper package that will address danger to the community can be presented. On March 16, 2022, a federal grand jury sitting in Bridgeport, Connecticut filed an indictment charging Winston with one count of Engaging in the Firearms Business without a License, in violation of Title 18, United States Code, Sections 922(a)(1), 923(a) and 924(a)(1)(D), and one count of Travel for the Purposes of Unlicensed Dealing, in violation of Title 18, United States Code, Section 924(n).

Winston is a danger to the community and a risk of flight, as detailed below, but the Government believes that location monitoring and home detention can be used to mitigate significantly both risks.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

From April 2021 until December 6, 2021, firearms Winston purchased in Georgia were recovered in Connecticut -- from Bridgeport street gang members or following a shoot-out. Search warrants executed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") showed that Winston was distributing the firearms to known members of the East End and PT Barnum gangs in Bridgeport. Purchasers sent Winston videos over social media of the firearms he had sold them and Winston's cell-site data showed his movement from Georgia to Bridgeport and back as

-2-

he delivered the firearms to his customers. Winston purchased 18 firearms personally in Georgia and had others straw purchase others, all for sale in Connecticut.

## II. DISCUSSION

### A. *The Bail Reform Act*

The Bail Reform Act governs pre-trial detention. *See* 18 U.S.C. §§ 3141, *et seq*. Title 18, United States Code, Section 3143(e), states:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. *Id.*

Proof of "either danger to the community or risk of flight is sufficient to authorize detention." *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *see, e.g., United States v. Jackson*, 823 F.2d 4, 8 (2d Cir. 1987) (court need not consider danger to community when defendant poses risk of flight). Detention founded on danger to the community must be supported by clear and convincing evidence. *See United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). Detention founded on risk of flight must be supported by a preponderance of evidence. *Id.*

### C. *Winston Qualifies for Detention*

The Bail Reform Act requires that an arrest for an offense that falls within the statutory definition of a "crime of violence" requires a hearing to determine if any "condition or combination of conditions" of release would "reasonably assure" the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e). In the Second Circuit, the crime of Being a Felon in Possession of a Firearm is a "crime of violence" as it is defined in the Bail Reform Act. *United States v. Dillard*, 215 F.3d 88 (2d Cir. 2000).

-3-

To be sure, Winston is not charged with Being a Felon in Possession of a Firearm. But he did supply felons and gang members in Bridgeport with firearms that Winston bought or bought from straw purchasers in Georgia and transported to Connecticut. Such actions are extremely dangerous to the community. Moreover, his ability to travel between Georgia and Connecticut makes him a flight risk.

### D. *The Remaining Factors Counsel for Detention*

All of the remaining Section 3142(g) factors also favor continued detention. Section 3142(g) of Title 18 sets forth the factors to be considered in determining whether pre-trial detention is warranted. These factors include:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
> (2) The weight of the evidence against the person;
> (3) The history and characteristics of the person, including --
>   (A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   (B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law; and
> (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .
> *Id.*

Applying these factors, Winston should be detained pending a strong package that will assure the public's protection and mitigate the danger to the community that he poses. As

-4-

discussed above, the nature and circumstances of the charged conduct is serious; it is, as detailed *supra*, a case involving the distribution of firearms to gang members and felons. Second, the evidence against the defendant is strong. His social media and cellphone information is replete with evidence of his distribution of firearms.

Nonetheless, the Government has reviewed the Probation Office's bail report and recognizes that Winston has no criminal felony record. The Government believes that home detention at his father's residence in Bridgeport – to include location monitoring – and the conditions outlined in the bail report would be sufficient at this juncture to mitigate the dangers Winston poses to the public and his risk of flight.

### III.   CONCLUSION

For the reasons set forth above, the Government asks this Court to enter an Order of home detention without prejudice.

          Respectfully submitted,

          LEONARD C BOYLE
          UNITED STATES ATTORNEY

          /s/
          RAHUL KALE
          ASSISTANT UNITED STATES ATTORNEY
          Fed. Bar No. phv 02526
          1000 LaFayette Blvd., 10th Floor
          Bridgeport, CT  06604
          (203) 696-3000

-5-
## CERTIFICATION OF SERVICE

I hereby certify that on March 29, 2022, a copy of the foregoing was emailed to counsel for Brannon Winston, Daniel Erwin, Esq. at the email address Daniel_Erwin@fd.org.

/s/
RAHUL KALE
ASSISTANT U.S. ATTORNEY